# WHEELING.

## AMBACH, BURGUNDER & CO. v. ARMSTRONG *et al.*

Submitted June 14, 1887.—Decided June 25, 1887.

1. MISNOMER—MISSPELLING—ILLEGIBILITY—EVIDENCE.

When on account of the misspelling or illegibility of the name of the obligee or obligor of a bond or of the maker or payee of a note it is doubtful, who the person intended is, parol evidence of the surrounding circumstances is admissible, so that the court may be placed as nearly as possible in the situation of the person who wrote the deed or note, and thus ascertain the person intended by the name employed.

2. MISNOMER—MISSPELLING—ILLEGIBILITY.

It is error to quash a forthcoming bond, on motion, simply because the name of the obligee therein has been misspelled or so written as to make it doubtful as to the person intended.

*J. G. Schilling* for plaintiff in error.

No appearance for defendant in error.

SNYDER, JUDGE :

Writ of error to a judgment of the Circuit Court of Roane county, pronounced September 1st, 1886, in the case

of Ambach, Burgunder & Co. against M. B. Armstrong and D. S. Cottle. The plaintiffs having given written notice to the defendant of a motion for an award of execution upon a forthcoming bond executed by M. B. Armstrong and D. S. Cattle and payable to the plaintiffs, the defendants appeared by counsel and "moved the court to quash the notice and bond for the faultiness of said bond and variance between said notice and bond and the execution upon which said bond is predicated and apparent upon the face thereof," which motion the court sustained and quashed said notice and bond. The plaintiffs excepted and brought this writ of error.

The bill of exceptions certifies the notice, bond and execution and nothing more. The only error assigned by the plaintiffs in error is, that the court erred in quashing the bond, "no deficiency or variance appearing except the erroneous spelling of the obligee's name." In the brief filed by them, the plaintiffs in error state that "the only reason assigned in the court below for quashing the bond was the mistake in or misspelling of the name of the obligee."

In the MS. record the names of the obligee in the bond appears to be written or copied "Amburch, Burgunder & Co." or "Amburch, Bargonder & Co." But in the printed record the names are "Ambach, Burgunder & Co.," and the name of the surety in the bond and the signature thereto is printed "D. S. Cattle," while in other parts of the record it is printed "D. S. Cottle."

In the MS. record, however, this name seems to be written in the same way wherever it occurs and may be read either "Cattle" or "Cottle."

I have carefully examined the notice, bond and execution as they appear in both the MS. and printed records and can discover no defect or variance in any of them unless those above described may be considered such. The bill of exceptions does not in express terms state, that no parol evidence was heard by the court below, but from the language used both in it and the order of the court I think the legal and necessary inference is that no such evidence was either offered to or heard by the court. The only question therefore in this Court, is whether or not the Circuit Court from a

mere inspection of the notice, bond and execution was justified in quashing the notice and bond. I think clearly it was not. It is certainly no ground for quashing the bond that the name of the obligee has been misspelled. The material matter in such case is whether or not the person named as the obligee is in fact such. If the person intended is rendered ambiguous by misspelling or illegibility in the writing of his name, parol evidence of the surrounding circumstances is admissible, so that the court may be placed as nearly as possible in the situation of the party whose written language is to be interpreted; the question being, what did the person, thus circumstanced, mean by the language he has employed? (1 Gr. Ev., §§ 295 *a*, 300.) Parol evidence is admissible to prove that a note signed in one name was intended to be and was in fact the note of a person of a different name. (*Early* v. *Wilkinson*, 9 Gratt. 68, Bart. L. Pr. 203.)

It is very questionable in my mind whether there is in fact any defect or misspelling of the name in the bond in this case. I think the whole difficulty arises in all probability from careless and illegible writing, and this would of course be no ground either for the introduction of parol testimony or for quashing the bond. (*State* v. *Halida*, 28 W. Va. 499.)

For these reasons, the judgment of the Circuit Court quashing the notice and bond of the plaintiffs must be reversed, and the case remanded to said court for further proceedings there to be had in accordance with the views herein expressed.

REVERSED. REMANDED.